KAMALA D. HARRIS
Attorney General of California
HOLLY D. WILKENS
Supervising Deputy Attorney General
ADRIANNE S. DENAULT
Deputy Attorney General
State Bar No. 136920
  110 West A Street, Suite 1100
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 645-2287
  Fax:  (619) 645-2191
  E-mail:  Adrianne.Denault@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RANDY STEVEN KRAFT,** | **CAPITAL CASE** |
| *Petitioner,* | CV 01-4623 AG |
| *v.* | **RESPONDENT'S RESPONSE TO PETITIONER'S SUPPLEMENTAL BRIEF ON THE EFFECT OF *CULLEN v. PINHOLSTER*** |
| **MICHAEL MARTEL, *Warden*, *California State Prison at San Quentin*,** | |
| *Respondent.* | |

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................. 1

Argument ..................................................................................................... 1

    I.      Kraft is not entitled to an evidentiary hearing on any claim absent first satisfying his substantial burden of demonstrating an exception to the relitigation bar of 28 U.S.C. § 2254(d) ................. 1

Conclusion ................................................................................................ 14

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

5
*Brecht v. Abrahamson*
   507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) ...................................... 4

6
*Calderon v. Thompson*
7
   523 U.S. 538, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) ...................................... 2

8
*Cullen v. Pinholster*
   ___ U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) ..................................... 1 *et passim*
9

10
*Earp v. Ornoski*
   431 F.3d 1158 (9th Cir. 2005)........................................................................... 8, 13

11
*Fry v. Piler*
12
   551 U.S. 112, 127 S. Ct. 2321, 168 L. Ed. 2d 16 (2007) ...................................... 4

13
*Harrington v. Richter*
   562 U.S. ___, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) ..................................... 2 *et passim*
14

15
*Hearn v. Ryan*
   2011 WL 1526912 (D. Ariz., April 21, 2011) ................................................... 10, 11

16
*Horn v. Banks*
17
   536 U.S. 266, 122 S. Ct. 2147, 153 L. Ed. 2d 301 (2002) .................................. 3, 4

18
*Howard v. Clark*
   608 F.3d 563 (9th Cir. 2010).............................................................................. 4
19

20
*Insyxiengmay v. Morgan*
   403 F.3d 657 (9th Cir. 2005)............................................................................ 13

21
*Landrigan v. Schriro*
22
   441 F.3d 638 (9th Cir. 2006)............................................................................ 8

23
*Lindh v. Murphy*
   521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997) .................................. 3
24

25
*Miller-El v. Cockrell*
   537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) .................................. 2

26
*Nunes v. Mueller*
27
   350 F.3d 1045 (9th Cir. 2003)........................................................................... 11

28

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Pace v. DiGuglielmo*
   544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ..................................................... 2

*People v. Duvall*
   9 Cal. 4th 464, 37 Cal. Rptr. 2d 259 (1995)..................................................... 9, 12

*Pinholster. Atkins v. Clarke*
   642 F.3d 47 (1st Cir. 2011) ..................................................... 10

*Premo v. Moore*
   562 U.S. ___, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011) ..................................................... 4, 7, 8, 13

*Renico v. Lett*
   559 U.S. ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010) ..................................................... 4, 7

*Schriro v. Landrigan*
   550 U.S. 465, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) ..................................................... 7, 8, 13

*Smith v. Phillips*
   455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ..................................................... 8, 10

*Taylor v. Maddox*
   366 F.3d 992 (9th Cir. 2004)..................................................... 9, 13

*Townsend v. Sain*
   372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963) ..................................................... 8

*Waddington v. Sarausad*
   555 U.S. 179, 129 S. Ct. 823, 172 L. Ed. 2d 532 (2009) ..................................................... 7

*Wellons v. Hall*
   ___ U.S. ___, 130 S. Ct. 727, 175 L. Ed. 2d 684 (2010) ..................................................... 8, 9

*West v. Ryan*
   608 F.3d 477 (9th Cir. 2010)..................................................... 8, 13

*Williams v. Taylor*
   529 U.S. 420, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000) ..................................................... 6

*Woodford v. Visciotti*
   537 U.S. 19, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) ..................................................... 5, 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES
## (continued)

**Page**

STATUTES

28 U.S.C. § 2244 ................................................................................ 2

28 U.S.C. § 2254 ..................................................................... 1 *et passim*

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
    Pub. L. No. 104-132, 110 Stat. 1214 (1996) ................................. 2, 3, 4, 5

iv

**INTRODUCTION**

On April 12, 2011, this Court issued an Order for supplemental briefing that instructed Kraft to "file a supplemental brief addressing whether an evidentiary hearing is warranted in light" of the Supreme Court decision in *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011).  (Doc. No. 178.)  Respondent submits this Response to Petitioner Randy Steven Kraft's Supplemental Brief filed on July 28, 2011 (Doc. No. 183), in which he asserts that the Supreme Court's decision in *Pinholster* has not affected the availability of evidentiary hearings in this proceeding.  To the contrary, *Pinholster* makes it clear that where, as here, the California Supreme Court has denied on the merits all of the claims pending before this Court, there cannot be any good cause for factual development regarding those claims absent the district court first conducting an analysis under 28 U.S.C. § 2254(d)(1) and finding the petitioner has met his difficult burden of demonstrating that the state court's denial was unreasonable.

**ARGUMENT**

**I.  KRAFT IS NOT ENTITLED TO AN EVIDENTIARY HEARING ON ANY CLAIM ABSENT FIRST SATISFYING HIS SUBSTANTIAL BURDEN OF DEMONSTRATING AN EXCEPTION TO THE RELITIGATION BAR OF 28 U.S.C. § 2254(d)**

The four claims that are the subject of Kraft's pending motion for evidentiary hearing[1] were each denied on the merits by the California Supreme Court.  Accordingly, as *Pinholster* makes clear, and as explained below, before there can

---

[1] Kraft's motion seeks an evidentiary hearing on his claims alleging: ineffective assistance of trial counsel for failing to seek removal of Juror Jim L. during the guilt phase (Claim 6.b.3) or during the penalty phase (Claim 37.b.3); prosecutorial misconduct for failure to disclose exculpatory evidence from law enforcement agencies involved in the task force that investigated the crimes charged against Kraft (Claim 32.b.4); and ineffective assistance of appellate counsel for failing to raise meritorious claims due to a conflict with Kraft as opposed to for strategic reasons (Claim 41).  (Petitioner's Amended Motion for Evidentiary Hearing, Doc. No. 164.)

1

1   be good cause to develop facts on those claims in federal court, Kraft must first

2   meet his considerable burden in demonstrating he can satisfy an exception to the

3   relitigation bar of 28 U.S.C. § 2254(d).

4        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

5   represents Congress's judgment that the primary forum for the resolution of state

6   prisoners' constitutional claims should be the state courts.  *Harrington v. Richter*,

7   562 U.S. ___, 131 S. Ct. 770, 787, 178 L. Ed. 2d 624 (2011); *see also Cullen v.*

8   *Pinholster*, 131 S. Ct. at 1398-99; *Pace v. DiGuglielmo*, 544 U.S. 408, 427,

9   125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  AEDPA was designed to vindicate the

10  States' interest in the finality of state-court judgments and to respect "'States'

11  sovereign power to punish offenders and their good-faith attempts to honor

12  constitutional rights.'"  *Harrington v. Richter*, 131 S. Ct. at 787 (quoting *Calderon*

13  *v. Thompson*, 523 U.S. 538, 555–556, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998)).

14       To this end, AEDPA erects several barriers to a federal court's ability to

15  address the merits of a state prisoner's habeas claims.  *Cullen v. Pinholster*,

16  131 S. Ct. at 1398 (AEDPA "sets several limits on the power of a federal court to

17  grant an application for a writ of habeas corpus on behalf of a state prisoner"); *see*

18  *also Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931

19  (2003) ("Statutes such as AEDPA have placed more, rather than fewer, restrictions

20  on the power of federal courts to grant writs of habeas corpus to state prisoners").

21  For example, with certain exceptions, a state prisoner's claims may be addressed

22  only if they are presented to the federal court within one year of the finality of the

23  conviction being attacked.  28 U.S.C. § 2244(d).  In addition, a federal court may

24  address the merits of a claim only if it presents a federal question, 28 U.S.C.

25  § 2254(a), and only if the petitioner has first exhausted state-court remedies as to

26  the claim, 28 U.S.C. § 2254(b), (c).  *Cullen v. Pinholster*, 131 S. Ct. at 1398.

27  Further, the merits of a claim may not be reached by a federal court if the claim

28  has already been rejected on its merits by a state court unless the state court's

1   adjudication falls outside very broad parameters of reasonableness, § 2254(d).

2   *Cullen v. Pinholster*, 131 S. Ct. at 1398; *Harrington v. Richter*, 131 S. Ct. at 786.

3   AEDPA also left intact other pre-existing bars to federal habeas relief, such as the

4   non-retroactivity principle, *see Horn v. Banks*, 536 U.S. 266, 272, 122 S. Ct. 2147,

5   153 L. Ed. 2d 301 (2002) (per curiam), and the procedural default doctrine, *see*

6   *Harrington v. Richter*, 131 S. Ct. at 787.

7       These various threshold barriers to federal review of a state prisoner's

8   constitutional claims form a mutually complementary bulwark against federal-court

9   relitigation, "to ensure that state proceedings are the central process, not just a

10  preliminary step for a later federal habeas proceeding." *Harrington v. Richter*,

11  131 S. Ct. at 787.  Under this system, of course, some state-court constitutional

12  errors may go uncorrected.  *See id.* at 786 ("habeas corpus is a guard against

13  extreme malfunctions in the state criminal justice systems, not a substitute for

14  ordinary error correction through appeal" [quotation marks and citation omitted]).

15  But that is simply inherent in the public policy choice made by Congress to sharply

16  restrict the role of federal courts in resolving state prisoners' habeas corpus claims.

17  *See id.* at 787.

18      Among the various barriers to federal-court litigation of a state prisoner's

19  claims is the one expressed in 28 U.S.C. § 2254(d), which governs this Court's

20  review of Kraft's habeas claims.  *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct.

21  2059, 138 L. Ed. 2d 481 (1997).  By its terms, this statute bars relitigation of any

22  claim "adjudicated on the merits" in state court, subject only to the exceptions in

23  28 U.S.C. § 2254(d)(1) and (d)(2).  *Harrington v. Richter*, 131 S. Ct. at 784.  Those

24  exceptions require showing:  that the state court's decision "was contrary to"

25  federal law that is clearly established in the holdings of the Supreme Court,

26  § 2254(d)(1); that it "involved an unreasonable application of" such law,

27  § 2254(d)(1); or that it "was based on an unreasonable determination of the facts"

28  in light of the evidentiary record before the state court, § 2254(d)(2).  *Harrington v.*

1   *Richter*, 131 S. Ct. at 785.  Essentially, this means that to overcome the relitigation

2   bar a petitioner must show that the state court's adjudication of his claim was

3   wrong "beyond any possibility for fair-minded disagreement."  *Id.* at 786.

4       The result from applying the 28 U.S.C. § 2254(d) analysis is deference to the

5   state-court determination.  However, the analysis addressing the reasonableness of

6   the state court's resolution of the merits of a claim is a threshold determination that

7   should not be confused with the standard for addressing the merits of a habeas

8   claim in federal court.  In other words, the § 2254(d) analysis is a "threshold

9   restriction" on federal-court relitigation of a claim.  *Renico v. Lett*, 559 U.S. ___,

10  130 S. Ct. 1855, 1862 n.1, 176 L. Ed. 2d 678 (2010); *see also Horn v. Banks*,

11  536 U.S. at 272 ("none of our post-AEDPA cases have suggested that a writ of

12  habeas corpus should automatically issue if a prisoner satisfies the AEDPA

13  standard").  If a petitioner cannot overcome the "highly deferential" standard of

14  28 U.S.C. § 2254(d), *Renico v. Lett*, 130 S. Ct. at 1862, that "ends federal review,"

15  *Premo v. Moore*, 562 U.S. ___, 131 S. Ct. 733, 745, 178 L. Ed. 2d 649 (2011).

16  Conversely, if a petitioner is able to meet § 2254(d)'s "difficult" standard,

17  *Harrington v. Richter*, 131 S. Ct. at 786 — and assuming no other threshold bar

18  applies — then federal litigation of the claim may proceed de novo.  *Cullen v.*

19  *Pinholster*, 131 S. Ct. at 1412 (Breyer, J., concurring in part and dissenting in part);

20  *see also Howard v. Clark*, 608 F.3d 563, 569 (9th Cir. 2010) ("If after applying

21  section 2254(d)'s 'highly deferential' standard we conclude that the state court's

22  decision was contrary to — or involved an unreasonable application of — clearly

23  established federal law, then we review the petitioner's claim de novo") (citation

24  omitted); *see, e.g.*, *Fry v. Piler*, 551 U.S. 112, 119, 127 S. Ct. 2321, 168 L. Ed. 2d

25  16 (2007) (§ 2254(d) sets forth a "precondition to the grant of habeas relief," not an

26  "entitlement" to it — federal court is to apply the "substantial and injurious effect"

27  standard from *Brecht v. Abrahamson,* 507 U.S. 619, 631, 113 S. Ct. 1710,

28  123 L. Ed. 2d 353 (1993) before granting relief).

4

1      In *Pinholster*, the Supreme Court observed that "although state prisoners may

2  sometimes submit new evidence in federal court, AEDPA's statutory scheme is

3  designed to strongly discourage them from doing so." *Pinholster*, 131 S. Ct. at

4  1401.  Congress intended "to channel prisoners' claims first to the state court," and

5  the "'federal habeas scheme leaves primary responsibility with the state courts.'"

6  *Id.* at 1398-1399 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 27, 123 S. Ct. 357,

7  154 L. Ed. 2d 279 (2002) (per curiam)).  The basic structure of federal habeas

8  jurisdiction recognizes the primacy of the state as the principle forum for asserting

9  constitutional challenges to a state conviction; this is consistent with the AEDPA's

10  goal of promoting comity, finality, and federalism.  *Pinholster*, 131 S. Ct. at 1401.

11      The *Pinholster* decision illustrates the point.  There, the district court

12  conducted an evidentiary hearing and considered the new evidence presented in

13  that hearing to find both that the petitioner had overcome the relitigation bar of

14  § 2254(d)(1) and that his ineffective assistance of counsel claim succeeded on the

15  merits.  *Pinholster*, 131 S. Ct. at 1396-97.  On review, the Supreme Court held that

16  the 28 U.S.C. § 2254(d)(1) inquiry is limited to the record before the state court that

17  adjudicated the claim on its merits.  *Id.* at 1398.  Accordingly, far from sanctioning

18  the evidentiary development in the district court, the court entirely disregarded it.

19  Addressing the threshold issue presented by the § 2254(d) relitigation bar, the

20  Supreme Court found that relitigation of the claim on the merits was prohibited by

21  § 2254(d)(1), and then observed:  "[This] brings our analysis to an end.  Even if the

22  evidence adduced in the District Court additionally supports [Petitioner's] claim ...

23  we are precluded from considering it."  *Id.* at 1402 n.11.

24      Plainly, the *Pinholster* decision did not endorse federal-court factual

25  development of claims that would simply be a wasted exercise in light of an

26  applicable threshold bar.  Indeed, in a footnote, the Court observed that because

27  Pinholster's claim failed at the threshold under § 2254(d)(1), and therefore

28  consideration of the evidentiary hearing record going to the merits was barred,

1    it did not need to decide "whether a district court may ever choose to hold an

2    evidentiary hearing before it determined that § 2254(d) has been satisfied."

3    *Pinholster*, 131 S. Ct. at 1411 n.20.  What this statement necessarily means is that

4    in cases like *Pinholster* — in which a threshold bar would preclude consideration of

5    federal-court factual development on the merits of a claim — federal courts should

6    not hold such hearings, and, at the very least, a case must be meaningfully

7    distinguishable from *Pinholster* before the possibility of factual development

8    preceding the resolution of applicable threshold bars could even be considered in

9    theory.[2]

10       The fact that this Court's analysis as to whether the California Supreme

11   Court's denial of Kraft's claims on the merits was reasonable within the meaning

12   of 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court

13   that adjudicated the claim on the merits," is set forth unambiguously and

14   emphasized throughout the United States Supreme Court's decision in *Pinholster*.

15   As the Supreme Court noted, "evidence adduced in federal court has no bearing on

16   § 2254(d)(1) review"; rather, "a federal habeas petitioner must overcome the

17   limitation of § 2254(d)(1) on the record that was before [the] state court."

18   *Pinholster*, 131 S. Ct. at 1400.  As the court reasoned, "[i]t would be contrary to

19   [AEDPA's] purpose to allow a petitioner to overcome an adverse state-court

20   decision with new evidence introduced in the federal habeas court...."  *Id.* at 1399.

21   "It would be strange to ask federal courts to analyze whether a state court's

22   adjudication resulted in a decision that unreasonably applied federal law to facts not

23   before the state court."  *Id.*  Accordingly, evidence developed in federal court can

---

24       [2]  Contrary to Kraft's suggestion (*see* Petitioner's Supp. Brief at 13-16, 19-
25   22, 24-25, 28) the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 420,
     120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000) does not suggest otherwise.  The
26   *Pinholster* court itself addressed *Williams*, explaining that because the petitioner
     there had failed to satisfy § 2254(d)(1), and therefore his claim was barred at the
27   threshold, the court simply "concluded that it was 'unnecessary to reach the
     question whether § 2254(e)(2) would permit a [federal] hearing on th[at] claim.'"
28   *Pinholster*, 131 S. Ct. at 1400 (quoting *Williams*, original alterations).

1    be considered, if ever, only after a petitioner overcomes the heavy burden of

2    demonstrating that the state-court rejection of the claim was unreasonable.  *Id.* at

3    1412 (Breyer, J. concurring in part and dissenting in part).

4         Kraft reads *Pinholster*'s holding too narrowly in order to reach a point where

5    he can argue the decision had no effect at all.  (Petitioner's Supp. Brief at 1-3, 17-

6    23.)  Kraft's reading of the decision is clearly wrong.  *Pinholster* requires federal

7    courts to evaluate the reasonableness of state-court decisions solely on the basis of

8    the record before the state court.  *Id.* at 1398.  Federal courts may not consider new

9    evidence developed at an evidentiary hearing in federal court absent a petitioner

10   overcoming the threshold relitigation bar in § 2254(d).  *Id.* at 1399-1401.

11        Kraft's position that an evidentiary hearing is appropriate notwithstanding

12   *Pinholster* ignores the fact that a habeas petitioner's ability to relitigate claims

13   denied on the merits by the state court is completely dependent upon satisfying

14   § 2254(d).  *Harrington v. Richter*, 131 S. Ct. at 784; *Pinholster*, 131 S. Ct. at 1398,

15   citing *Woodford v. Visciotti*, 537 U.S. at 24.  Unless Kraft meets his burden of

16   showing he satisfies an exception under § 2254(d), the "analysis is at an end" and

17   "a writ of habeas corpus 'shall not be granted.'"  *Pinholster*, 131 S. Ct. at 1411

18   n.20.  This is because the writ may not be granted either upon de novo review of the

19   law, *Renico v. Lett*, 130 S. Ct. at 1862,  or upon a de novo view of the facts to

20   which the law applies, *Waddington v. Sarausad*, 555 U.S. 179, 129 S. Ct. 823, 835

21   & n.7, 172 L. Ed. 2d 532 (2009).  Accordingly, this Court's determination of

22   whether the state court's denial of Kraft's habeas claims on the merits is entitled to

23   deference under § 2254(d)(1) is a threshold determination.  *Schriro v. Landrigan*,

24   550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007); *Renico v. Lett*,

25   130 S. Ct. at 1862 n.1.  If the state-court decision denying Kraft's claims on the

26   merits is reasonable within the meaning of § 2254(d)(1), then that "ends federal

27   review."  *Premo v. Moore*, 131 S. Ct. at 745.

28   ///

7

1      Kraft contends *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770

2  (1963), *Schriro v. Landrigan*, 550 U.S. 465, *Wellons v. Hall*, ___ U.S. ___,

3  130 S. Ct. 727, 175 L. Ed. 2d 684 (2010) (per curiam), and *Smith v. Phillips*,

4  455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), support his right to an

5  evidentiary hearing.  (Petitioner's Amend Evid. Hearing Brief at 6-8; Petitioner's

6  Supp. Brief at 14-16, 19, 23, 27-28, 35-36.)  Nothing in these Supreme Court

7  decisions provides authority for this Court ordering an evidentiary hearing absent

8  Kraft satisfying the threshold determination required by § 2254(d).  Before the

9  Supreme Court's opinion in *Schriro v. Landrigan*, a petitioner was entitled to a

10  federal evidentiary hearing in the Ninth Circuit when he satisfied the "low bar" of

11  alleging a "colorable claim" for relief.  *See Landrigan v. Schriro*, 441 F.3d 638,

12  643, 650 (9th Cir. 2006) (en banc), rev'd 550 U.S. at 465 (applying *Earp v.*

13  *Ornoski*, 431 F.3d 1158, 1169, 1173 (9th Cir. 2005)); *see also Schriro v.*

14  *Landrigan*, 550 U.S. at 473, citing *Townsend* at 313.  Kraft completely ignores the

15  fact that in *Schriro v. Landrigan*, the Supreme Court linked the Ninth Circuit's

16  colorable-claim test to the petitioner's burden under 28 U.S.C. § 2254(d); an

17  evidentiary hearing, in other words, is no longer needed without a prior evaluation

18  of a claim's merits.  *Schriro v. Landrigan*, 550 U.S. at 473-75, 479-80; *also West v.*

19  *Ryan*, 608 F.3d 477, 485 (9th Cir. 2010).  Thus, after *Schriro v. Landrigan*, and

20  especially after *Pinholster*, there is no need to conduct an evidentiary hearing unless

21  the petitioner can satisfy the provisions of § 2254(d) on the merits as interpreted by

22  *Richter*.  *Pinholster*, 131 S. Ct. at 1399 (citing *Schriro v. Landrigan*, 550 U.S. at

23  474); *also Premo v. Moore*, 131 S. Ct. at 745 (where a state court's decision is

24  reasonable, that "finding ends federal review").

25      Kraft's reliance on language in a footnote in *Wellons* wherein the majority

26  acknowledged that it would be "bizarre if a federal court had to defer to state-court

27  factual findings, made without an evidentiary record" (Petitioner's Supp. Brief

28  at 19, citing *Wellons*, 130 S. Ct. 727, 730 n.3), is also misplaced.  In *Wellons*, the

1   petitioner alleged claims relating to ex parte contacts between the judge and the

2   jury.  There was no record on which to raise the issue on appeal, and the claim

3   was deemed procedurally barred under the doctrine of res judicata by the state court

4   on habeas.  *Wellons*, 131 S. Ct. at 728.  Kraft fails to explain how the observation

5   in *Wellons* relates to his claims pending before this Court.  All of Kraft's claims

6   were denied by the state court on the merits, and as *Pinholster* recognizes,

7   California presumes the factual truth of a habeas petitioner's allegations for

8   purposes of determining whether a prima facie case for relief has been pled.

9   *Pinholster*, 131 S. Ct. at 1402, n.12, citing *People v. Duvall*, 9 Cal. 4th 464, 474,

10  37 Cal. Rptr. 2d 259 (1995).  Accordingly, Kraft's reliance on *Wellons* is

11  unavailing.

12       Kraft's reliance on *Taylor v. Maddox*, 366 F.3d 992, 1005-06 (9th Cir. 2004)

13  is misplaced for the same reason.  Kraft cites to his "exhaustive *pro se* efforts" to

14  alert the state court to his abandonment by appellate and state habeas counsel and

15  the state's failure to provide him adequate and effective appellate review as

16  indicating that the state court denial of relief rested with an unreasonable

17  determination of the facts.  (Petitioner's Supp. Brief at 2.)  He argues this is so

18  "because the state denied Kraft's *pro se* objections to the state petitions submitted

19  by counsel while simultaneously denying such petition, thus making credibility

20  determinations and evidentiary findings 'without holding a hearing and giving

21  petitioner an opportunity to present evidence, such findings clearly result[ed] in an

22  "unreasonable determination" of the facts.'"  (Petitioner's Supp. Brief at 2.)  The

23  claims that are the subject of Kraft's motion for an evidentiary hearing allege

24  ineffective assistance of trial counsel and appellate counsel which are matters

25  denied on the merits by the California Supreme Court on habeas without issuance

26  of an order to show cause or evidentiary hearing due to Kraft's failure to state a

27  prima facie case for relief.  Kraft's reliance on his pro se objections does not serve

28  to transform the California Supreme Court's rejection of his ineffective assistance

1    of counsel claims into an unreasonable determination of the facts.  Kraft has not

2    shown any improper disregard for evidence by the California Supreme Court in

3    following its practice on habeas of determining whether a prima facie case of

4    ineffective assistance of counsel had been stated.

5        Kraft also relies on *Smith v. Phillips*, 455 U.S. at 215, for the proposition that

6    this Court must hold an evidentiary hearing on his claim alleging juror misconduct.

7    (Petitioner's Supp. Brief at 26-28.)  In *Phillips*, a juror misconduct claim arose

8    while the case was still before the trial court.  The trial court held a hearing and

9    rejected the claim.  The Supreme Court rejected Phillips' argument the state court

10   should not have rejected the juror bias claim based solely on the juror's testimony,

11   and the Court rejected Phillips' insistence that a showing of implied bias (as

12   opposed to actual bias) was adequate.  Kraft's reliance on *Phillips* is misplaced as

13   the Supreme Court did not hold that a hearing is required in the face of every juror

14   misconduct claim; it rejected Phillips' claim that the hearing was inadequate simply

15   because it consisted of the subject juror's testimony.  *Phillips*, at 215-218.

16       To the extent that Kraft is contending that he is entitled to an evidentiary

17   hearing in federal court because the state court did not hold an evidentiary hearing

18   (Petitioner's Supp. Brief at 35-38), he is wrong.  A case is adjudicated on the merits

19   within the meaning of 28 U.S.C. § 2254(d) notwithstanding the absence of an

20   evidentiary hearing in state court, and any other interpretation in inconsistent with

21   *Pinholster.  Atkins v. Clarke*, 642 F.3d 47 (1st Cir. 2011).

22       Kraft relies upon the case of *Hearn v. Ryan*, 2011 WL 1526912 (D. Ariz.,

23   April 21, 2011), a district court opinion in a non-capital case from Arizona as a

24   further basis for his argument.  Kraft's reliance is misplaced.  In *Hearn*, the district

25   court reviewed the reasonableness of the state court's decision based on the state-

26   court record, as required by *Pinholster.  Hearn* at 3-4.  Based solely on that state-

27   court record, the district court found the state-court decision was unreasonable.

28   *Id.* at 4.  Prior to granting habeas relief, however, the district court ordered an

1    evidentiary hearing to determine a fact that was in dispute and was not clear from

2    the record.  *Id.*  Nothing in *Pinholster* requires the district court to grant habeas

3    relief without allowing development of facts, after finding a petitioner has satisfied

4    his burden of showing an exception to § 2254(d).  Here, Kraft is asking for an

5    evidentiary hearing prior to this Court determining whether he has met his burden

6    of showing the state-court determination was unreasonable.  Thus, *Hearn* does not

7    support Kraft's position.

8         Kraft argues that in *Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003),

9    the Ninth Circuit concluded the California Court of Appeal failed to take the

10   petitioner's allegations at face value, thus warranting the Ninth Circuit's refusal to

11   accord deference to the state-court factual findings.  Kraft also cites to the *Nunes*

12   conclusion that because the California Supreme Court did not allow an evidentiary

13   hearing, the Ninth Circuit was not required to defer to the state court's factual

14   findings.  (Petitioner's Supp. Brief at 2, 10, 33, 36.)  Kraft's reliance on *Nunes* is

15   misplaced.  The decision regarding the appropriateness of an evidentiary hearing

16   rested with the Ninth Circuit's conclusion the state court had not presumed factual

17   allegations to be true, but instead made credibility determinations that were

18   inconsistent with presuming the truth of allegations in summarily denying habeas

19   relief for failure to state a prima facie case.  Accordingly, Kraft's reliance on *Nunes*

20   as support for an evidentiary hearing in his case is misplaced, as he is not alleging

21   that the California Supreme Court's summary denial of any of his claims was

22   inconsistent with the state's prima facie procedures.  Indeed, as Kraft

23   acknowledges, when the California Supreme Court receives a habeas petition, it is

24   the petitioner's factual allegations that are assumed true, not his claim.  (Petitioner's

25   Supp. Brief at 30.)

26        Kraft argues his claims are subject to de novo review by this Court because

27   the California Supreme Court improvidently denied habeas relief and improperly

28   denied him the right to develop the record.  (Petitioner's Supp. Brief at 23-38.)

1    Kraft's argument amounts to nothing more than disagreeing with the California

2    Supreme Court's determination that he failed to state a prima facie case for relief.

3    There is no basis for developing evidence in federal court simply based on Kraft's

4    disagreement with the state court's denial of a claim for failure to state a prima

5    facie case for relief.  California's procedure of presuming facts in determining

6    whether a prima facie case is made was noted in *Pinholster* and, as that case aptly

7    illustrates, not an impediment to requiring a petitioner to overcome the relitigation

8    bar of 28 U.S.C. § 2254(d) before evidence can be developed on a claim in federal

9    court.[3]  *Pinholster*, 131 S. Ct. at 1402, n.12, citing *People v. Duvall*, 9 Cal. 4th at

10   474.

11       Kraft also argues that *Pinholster*, which involved application of § 2254(d)(1),

12   did nothing to affect his entitlement to an evidentiary hearing under § 2254(d)(2).

13   (Petitioner's Supp. Brief at 14-20.)  While Kraft is correct that the court in

14   *Pinholster* did not concern itself with whether § 2254(d)(2) was similarly restricted,

15   he nonetheless remains barred from obtaining an evidentiary hearing under that

16   secondary provision.  This is because the plain language of § 2254(d)(2) explicitly

17   states what the Supreme Court in *Pinholster* had to determine as to § 2254(d)(1).

18   Federal review of a state court's factual findings under § 2254(d)(2) is expressly

19   limited "in light of the evidence presented in the State court proceeding."

20   28 U.S.C. § 2254(d)(2).  This is confirmed in *Pinholster* inasmuch as both the

21   majority and dissent clearly express the view that § 2254(d)(2) is limited to review

22   of the state-court record.[4]  *Pinholster*, 131 S.Ct. at 1400, n.7, 1415 (dissent).

23   _____

24       [3]  Kraft's suggestion that *Pinholster* is distinguishable from Kraft's case
     because the California Supreme Court issued an order to show cause in *Pinholster*
25   (Petitioner's Supp. Brief at 29-35) is unavailing since that order was withdrawn as
     improvidently issued.  *Pinholster*, 131 S. Ct. at 1396, n.1.

26       [4]  Specifically, in the dissent, Justice Sotomayor contrasted § 2254(d)(1) with
     § 2254(d)(2), and explained that in subsection (d)(2) the statute "expressly directs
27   district courts to base their review on 'the evidence presented in the State court
     proceeding,'" and therefore concluded that Congress must not have intended
28   subsection (d)(1) to be based on the state-court record.  *Pinholster*, 131 S. Ct. 1415
                                                                          (continued…)

1       Kraft relies on *Earp v. Ornoski*, 431 F.3d at pages 1167, 1173, and

2   *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005), ordering evidentiary

3   hearings based on applying the Ninth Circuit's "colorable claim" standard.

4   (Petitioner's Supp. Brief at 18, 24-25, 34-36.)  His reliance is misplaced since the

5   Supreme Court has made it clear that the Ninth Circuit's colorable-claim test is

6   linked to the petitioner's burden under 28 U.S.C. § 2254(d).  *Schriro v. Landrigan*,

7   550 U.S. at 473-75, 479-80; *also West v. Ryan*, 608 F.3d at 485.  Thus, after *Schriro*

8   *v. Landrigan*, and especially after *Pinholster*, there is no need to conduct an

9   evidentiary hearing unless the petitioner can satisfy the provisions 28 U.S.C.

10   § 2254(d) based on the state-court record by showing the state court unreasonably

11   denied his claims on the merits.[5]  *Pinholster*, 131 S. Ct. at 1399 (citing *Schriro v.*

12   *Landrigan*, 550 U.S. at 474); *see also Premo v. Moore*, 131 S. Ct. at 745 (where a

13   state court's decision is reasonable, that "finding ends federal review.")  Kraft's

14   belief that § 2254(d)(2) did not alter the evidentiary-hearing analysis that predated

15   the statute's enactment is simply incorrect.  *See Schriro v. Landrigan*, 550 U.S. at

16   473 (a federal court must be convinced not simply that a state court's determination

17   "'was incorrect, but whether that determination was unreasonable — a substantially

18   higher threshold.'"); *also Taylor v. Maddox*, 366 F.3d at 999-1000 (federal courts

19   must be "particularly deferential to our state-court colleagues" in reviewing a state

20   court's fact-finding process).

21   ///

22

23   (…continued)
    (Sotomayor, J. dissent).  In response, the majority explained that "[t]he additional
24   clarity of § 2254(d)(2) on this point, however, does not detract from our view that
    § 2254(d)(1) also is plainly limited to the state court record.  The omission of
25   clarifying language from § 2254(d)(1) just as likely reflects Congress' belief that
    such language was unnecessary as it does anything else."  *Pinholster*, 131 S. Ct. at
26   1400, n.7.

27       [5] This determination as to whether the state-court denial on the merits was
    reasonable would include applying double deference to Kraft's three claims of
28   ineffective assistance of counsel.  *Richter*, 131 S. Ct. at 788.

1    As the *Pinholster* and *Richter* holdings make clear, a federal evidentiary

2    hearing on any of Kraft's claims would be premature and a waste of limited judicial

3    resources absent Kraft satisfying his burden of showing that an exception to the

4    relitigation bar of § 2254(d) applies here.  Accordingly, his motion for an

5    evidentiary hearing should be denied, and this Court should proceed to undertake

6    the threshold analysis and determine if Kraft's claims are barred from being

7    litigated in this Court by § 2254(d).

8

9                              **CONCLUSION**

10    For all of the foregoing reasons, Respondent respectfully requests this Court

11    deny Kraft's request for an evidentiary hearing in its entirety because he has not

12    met his substantial burden of demonstrating an exception for Claims 6.b.2, 32.b.4,

13    37.b.3, or 41 from the relitigation bar of 28 U.S.C. § 2254(d).

14    Dated:  August 18, 2011                    Respectfully submitted,

15                                               KAMALA D. HARRIS
                                                 Attorney General of California
16                                               HOLLY D. WILKENS
                                                 Supervising Deputy Attorney General
17

18                                                 /s/ *Adrianne S. Denault*

19                                               ADRIANNE S. DENAULT
                                                 Deputy Attorney General
20                                               *Attorneys for Respondent*

21    ASD:sm
22    SD2001XF0001
      70493673.doc
23

24

25

26

27

28

                                    14

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: ***Kraft v. Martel***
No.: **CV 01-4623 AG**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 18, 2011, I served the attached **RESPONDENT'S RESPONSE TO PETITIONER'S SUPPLEMENTAL BRIEF ON THE EFFECT OF *CULLEN v. PINHOLSTER***, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

**DEATH PENALTY LAW CLERKS**
**U S DISTRICT COURT**
**312  N SPRING ST     STE 810**
**LOS ANGELES  CA   90012**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 18, 2011, at San Diego, California.

STEPHEN MCGEE
Declarant

Signature