SEAN K. KENNEDY (No. 145632)
Federal Public Defender
C. PAMELA GOMEZ (No. 233848)
(E-mail: Pamela_Gomez@fd.org)
JONATHAN C. AMINOFF (No. 259290)
(E-Mail: Jonathan_Aminoff@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-2854
Facsimile (213) 894-0310

Attorneys for Petitioner
RANDY STEVEN KRAFT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RANDY STEVEN KRAFT,<br><br>Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL, Warden,<br>California State Prison at San Quentin,<br><br>Respondent. | NO. CV 01-4623-AG<br><br>**DEATH PENALTY CASE**<br><br>PETITIONER'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DISMISSING CLAIMS FOR LACK OF EXHAUSTION, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND PETITION<br><br>Before: Hon. Andrew J. Guilford<br>Date: August 12, 2013<br>Time: 10:00 am<br>Place: Courtroom 10D |

TO RESPONDENT AND HIS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on August 12, 2013 at 10:00 am, or as soon as thereafter as counsel may be heard, in the courtroom of the Honorable Andrew J. Guilford, Petitioner Randy Kraft, through counsel, will and hereby does, move this Court to reconsider its Order dismissing the following claims as such previously unexhausted claims are now exhausted:

- Portions of Petitioner's First Amended Petition (hereinafter "FAP") Claim 6 (FAP at 72-77), alleging that Petitioner was deprived of a trial before a fair and impartial jury because juror Lytle lied during voir dire and because another juror introduced extrinsic evidence. Dkt. No. 144 at 16.
- Portions of FAP Claim 18 (FAP at 219-24, 230-33), alleging that Petitioner's conviction on Count V was obtained in violation of Petitioner's constitutional rights because the fingerprint evidence used to convict Petitioner of such count was scientifically unreliable and counsel was ineffective in challenging such evidence. Dkt. No. 144 at 19.
- Portions of FAP Claim 20 (FAP at 249-54), alleging that Petitioner's conviction on Count VII was obtained in violation of Petitioner's constitutional rights because the hair identification evidence used to convict Petitioner of such count was scientifically unreliable and counsel was ineffective in challenging such evidence. Dkt. No. 144 at 19.
- Portions of FAP Claim 31, subclaims B.2, B.6 and B.7 (FAP 409, 410, and 411), alleging ineffective assistance of counsel at the guilt phase in connection with FAP Claims 6, 18 and 20 as described above. Dkt. No. 144 at 21.

In the alternative, Petitioner requests leave to amend his First Amended Petition for Writ of Habeas Corpus to include his newly exhausted claims as described above.

Petitioner's Motion is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence and argument as may be presented before this Court on the motion.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: June 18, 2013      By: */S/ C. Pamela Gomez*
C. PAMELA GOMEZ
JONATHAN C. AMINOFF
Deputy Federal Public Defenders

Attorneys for Petitioner
RANDY STEVEN KRAFT

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

On January 12, 2005, Kraft filed his First Amended Petition for Writ of Habeas Corpus ("FAP") and supporting exhibits. Dkt. Nos. 78-91. On April 6, 2005, Respondent filed a Motion to Dismiss Kraft's FAP on the grounds that the FAP was barred by AEDPA's statute of limitations and certain claims were unexhausted. Dkt. Nos. 100-01; also see Dkt. No. 103 (Joint Stipulation); Dkt. No. 106 (Kraft's Opposition); Dkt. No. 113 (Reply). On June 6, 2005, Kraft filed a Motion For Order Staying the Federal Proceedings under *Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), pending the exhaustion of state remedies. Dkt. No. 110. Respondent filed his opposition to Petitioner's motion to stay the proceedings on June 21, 2055. Dkt. No. 112. On November 22, 2005, upon the Court's order, the parties submitted a joint statement in which they disputed the exhaustion status of portions of some of the claims alleged in the FAP. Superseding Joint Statement of the Parties Regarding Exhaustion, Dkt. No. 123.

On April 23, 2009, the Court dismissed portions of unexhausted claims from the FAP and denied Kraft's motion to stay while Kraft returned to the state court to present his unexhausted claims. Dkt. No. 144 at 24-25. The Court nonetheless found the following portions of the claims it was dismissing as unexhausted were potentially meritorious:

- Portions of FAP Claim 6 (FAP at 72-77), alleging that Petitioner was deprived of a trial before a fair and impartial jury because juror Lytle lied during voir dire and because another juror introduced extrinsic evidence. Dkt. No. 144 at 16.

- Portions of FAP Claim 18 (FAP at 219-24, 230-33), alleging that Petitioner's conviction on Count V was obtained in violation of Petitioner's constitutional rights because the fingerprint evidence used to convict Petitioner of such count was scientifically unreliable and counsel

4

       was ineffective in challenging such evidence.  Dkt. No. 144 at 19.

- Portions of FAP Claim 20 (FAP at 249-54), alleging that Petitioner's conviction on Count VII was obtained in violation of Petitioner's constitutional rights because the hair identification evidence used to convict Petitioner of such count was scientifically unreliable and counsel was ineffective in challenging such evidence.  Dkt. No. 144 at 19.
- Portions of FAP Claim 31, subclaims B.2, B.6 and B.7 (FAP 409, 410, and 411), alleging ineffective assistance of counsel at the guilt phase in connection with FAP Claims 6, 18 and 20 as described above.  Dkt. No. 144 at 21.

      On May 14, 2009, Kraft filed an exhaustion petition in the California Supreme Court raising the Claims this Court found potentially meritorious, but unexhausted as described above.  Dkt. No. 146.

      On September 11, 2009, Kraft filed a motion for an evidentiary hearing.  Dkt. No. 163.  On April 12, 2011, this Court requested supplemental briefing addressing whether an evidentiary hearing is warranted in light of *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 557 (2011).  Dkt. No. 178.  On July 28, 2011, Kraft filed his supplemental brief, Dkt. No. 183, and on August 18, 2011, the Warden filed his Response.  Dkt. No. 184.

      On March 19, 2013, Kraft submitted a notice of supplemental authority before the California Supreme Court, informing the state court of the recent opinions issued by the Supreme Court concerning timeliness and procedural bars announced in *Maples v. Thomas*, 565 U.S. ___, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012) and *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

      As Respondent has notified this Court, on May 22, 2013, the California Supreme Court summarily denied Kraft's exhaustion petition.  Dkt. No. 187.

//

//

## II. THE COURT'S RECONSIDERATION OF ITS ORDER DISMISSING PREVIOUSLY UNEXHAUSTED CLAIMS IS WARRANTED

Because the previously unexhausted claims are now exhausted, and because both *Maples* and *Martinez* may impact these proceedings, Kraft respectfully submits that the Court should reconsider its Order dismissing previously unexhausted claims, and allow Kraft to continue pursuing relief based upon such claims in federal court.

Local Rule 7-18 states, in pertinent part, that: "A motion for reconsideration of the decision on any motion may be made only on the grounds of . . . (b) the emergence of new material facts or a change of law occurring after the time of such decision . . ." USDC, Central District of California, Local Rule 7-18 (effective June 1, 2013).

The recent state court's summary denial of Kraft's exhaustion petition satisfies subparagraph (b) of L-R 7-18, since the previously unexhausted claims are now exhausted. Furthermore, *Maples* and *Martinez* constitute a "change of law" that occurred after the time this Court dismissed Kraft's claims that will impact whether these claims may be entertained by a federal court

In *Maples*, the Supreme Court reiterated that while, as a general rule, a client may be charged with the acts or omissions of his attorney, when the attorney, unbeknownst to the client, severs the principal-attorney relationship, the attorney "no longer acts, or fails to acts, as the client's representative.") *Maples*, 132 S. Ct. at 922-23 (citing 1 Restatement (Third) of Law Governing Lawyers § 31, Comment f (1998)). Under agency principles, "[t]he authority of an agent terminates if, without knowledge of the principal, he acquires adverse interests or if he is otherwise guilty of a serious breach of loyalty to the principal." *Maples*, 132 S. Ct. at 924 (citing 1 Restatement (Second) of Agency § 394, Comment a (1957)). When the agency relationship is severed, the attorney's acts or omissions "cannot fairly be attributed to the client." *Id*., 132 S. Ct. at 923 (citing *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991)).

6

As Kraft submits in Petitioner's Supplemental Brief, Kraft undertook exhaustive *pro se* efforts to alert the state court that he had been abandoned by appellate and state habeas counsel. Dkt. No. 183 at 3-4. Even though Kraft requested the state court hold the petition filed by state habeas counsel in abeyance and appoint new counsel, the state court summarily denied the petition. Dkt. 183 at 9-10. Thus, contrary to long established agency principles, and as the Supreme Court most recently reiterated in *Maples*, the state court imputed counsel's actions to Kraft, even though Kraft had informed the state court that counsel had severed the agency relationship between Kraft and state appointed counsel. Further, as Kraft argues in Petitioner's Supplemental Brief, because in denying the petition filed by counsel, the state court made credibility determinations and evidentiary findings "without holding a hearing and giving petitioner an opportunity to present evidence," such findings clearly resulted in an 'unreasonable determination' of the facts. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004); *Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003).

Similarly, Petitioner submits that under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), Kraft can show both cause and prejudice thus preserving his ability to present such claims in federal court. As the Supreme Court has clarified,

> [W]here, as here, state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies: "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S., at —, 132 S.Ct., at 1320.

*Trevino v. Thaler*, 133 S. Ct. 1911, 1921, 2013 WL 2300805, *11 (2013).

Following *Martinez*, the Ninth Circuit has remanded a number of cases to district court for such court to make finding according to *Martinez*. Order in *Runningeagle v. Ryan*, No. 07-99026, Dkt. No. 59, filed July 18, 2012 (9th Circuit Court of Appeals) (remanding to district court in light of *Martinez*); Order in *Creech*

*v. Hardison*, No. 10-99015, Dkt. No. 75, filed June 20, 2012 (9th Circuit Court of Appeals) (same); Order in *Lopez v. Ryan*, No. 09-99028, Dkt. No. 56, filed April 26, 2012 (9th Circuit Court of Appeals) (same); Order in *Schad v. Ryan*, No. 07-99005, Dkt. No. 124, filed March 01, 2013 (9th Circuit Court of Appeals) (granting stay of execution during the time of the district court's consideration of the *Martinez* remand issued on February 26, 2013.). And the Supreme Court has remanded eight cases for further consideration in light of *Trevino*. *Balentine v. Thaler*, 2013 U.S. LEXIS 4329 (U.S. June 3, 2013); *Haynes v. Thaler*, 2013 U.S. LEXIS 4328 (U.S. June 3, 2013); *Newbury v. Thaler*, 2013 U.S. LEXIS 4313 (U.S. June 3, 2013); *Washington v. Thaler*, 2013 U.S. LEXIS 4287 (U.S. June 3, 2013); *Smith v. Colson*, 2013 U.S. LEXIS 4273 (U.S. June 3, 2013); *Ayestas v. Thaler*, 2013 U.S. LEXIS 4237 (U.S. June 3, 2013); *Dansby v. Hobbs*, 2013 U.S. LEXIS 4223 (U.S. June 3, 2013); *Gates v. Thaler*, 2013 U.S. LEXIS 4177(U.S. June 3, 2013).

Thus, because the summary denial of Kraft's exhaustion petition and *Maples* and *Martinez* constitute both "the emergence of new material facts [and] a change of law occurring after the time of such decision . . ." under Local Rule 7-18 (b), this Court should reconsider the dismissal of previously unexhausted claims and allow Kraft to proceed litigating those claims.

**III.  IN THE ALTERNATIVE, THIS COURT SHOULD GRANT KRAFT LEAVE TO AMEND HIS HABEAS PETITION TO INCLUDE ALL NEWLY EXHAUSTED CLAIMS**

Alternatively, this Court should grant Kraft leave to amend his FAP to include all newly exhausted claims as described above. Kraft respectfully submits such an amendment is proper under FEDERAL RULE OF CIVIL PROCEDURE 15 and other applicable law.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a) of the FEDERAL RULES OF CIVIL PROCEDURE provides that leave to amend

a pleading "shall be freely given when justice so requires." *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" ) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)); *DCD Programs, Ltd. v. Leighton*, 833 F .2d 183, 186 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'"); *Fetterly v. Paskett*, 997 F.2d 1295 (9th Cir. 1993) (ordering district court to allow capital habeas petitioner to amend his petition so that he could assert newly exhausted claims).

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court identified five factors to analyze requests for leave to amend: (1) undue prejudice to the opposing party; (2) undue delay; (3) bad faith or dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies with previous amendments, and; (5) futility of amendment. Applying these factors, the Court should allow Kraft to amend his petition to include the newly exhausted claims.

First, Respondent cannot credibly claim that he would suffer any prejudice from the amendment. *See Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981) ("[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits'"). Respondent has been on notice of the nature of the proposed claims since at least January 12, 2005, when Kraft filed his FAP. Respondent will not be prejudiced. *See Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) ("ordinarily, leave to amend should be freely given in the absence of prejudice to the opposing party") (internal quotation omitted.)

Second, there was no undue delay in seeking to amend the petition. Kraft filed his exhaustion petition in the California Supreme Court less than a month after this Court issued its order dismissing the claims for lack of exhaustion, and he files this motion promptly upon receiving the state supreme court's order denying his exhaustion petition.

Third, there have been no failures to cure deficiencies with previous amendments, much less the required repeated failures.

Fourth, Respondent cannot allege any bad faith or dilatory motive on the part of Kraft. Kraft has from the outset maintained that the previously unexhausted claims should be part of this litigation. The claims were asserted in the original petition and their exhaustion status was disputed in the Superseding Joint Statement of the Parties Regarding Exhaustion.

Fifth, amendment would not be futile. Amendment is futile only if all of the claims in the amendment are clearly frivolous or legally insufficient on their face. *See Foman*, 371 U.S. at 182 ("[i]f the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits") (emphasis added); *DCD Programs, Ltd.*, 833 F.2d at 188 ("appellants should be granted leave to amend unless it appears beyond doubt that appellants fourth amended complaint would also be dismissed for failure to state a claim [because they] could prove no set of facts in support of their claims which would entitle them to relief") (internal quotations omitted); *Hurn*, 648 F.2d at 1255 (allowing amendment because proposed claim "is not frivolous" and therefore amendment is not futile).

Kraft believes that each of his proposed claims is meritorious and warrants habeas relief. Furthermore, this Court has already found that these claims are, at least, "potentially meritorious." Dkt. No. 144 at 16, 18, 19 and 21. Certainly, at a minimum, the previously unexhausted claims assert colorable claims. *DCD Programs, Ltd.*, 833 F.2d at 188 ("case law requires that if, after reviewing the record, this court finds a colorable federal claim in appellant's proposed fourth amended complaint, it must reverse the district court's denial of leave to amend").

Thus, where, as here, "there is lack of prejudice to the opposing party and the amended [petition] is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny" a motion for leave to amend. *Hurn*, 648

10

F.2d at 1254. For the reasons stated above, the Court should grant Kraft leave to amend back in his now exhausted claims previously dismissed by this Court.

## IV. CONCLUSION

Because Kraft shows both "the emergence of new material facts [and] a change of law occurring after" this Court dismissed previously unexhausted claims, this Court should reconsider its order dismissing the claims described above under Local Rule 7-18 (b) and issue an order reinserting those claims in Kraft's FAP. In the alternative, this Court should grant Kraft leave to amend his First Amended Petition to include all newly exhausted claims.

                                                Respectfully submitted,

                                                SEAN K. KENNEDY
                                                Federal Public Defender

DATED: June 18, 2013          By:  */S/ C. Pamela Gomez*
                                                C. PAMELA GOMEZ
                                                JONATHAN C. AMINOFF
                                                Deputy Federal Public Defenders

                                                Attorneys for Petitioner
                                                RANDY STEVEN KRAFT

# PROOF OF SERVICE

I declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202, Telephone No. (213) 894-2854; that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached PETITIONER'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DISMISSING CLAIMS FOR LACK OF EXHAUSTION, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND PETITION on the following individual(s) by:

| [ X ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows: | [ ] Placing same in an envelope for hand-delivery addressed as follows: | [ ] Placing same in a sealed envelope for collection and mailing via the United States Post Office, addressed as follows: | [ ] Faxing same via facsimile machine addressed as follows: |
|---|---|---|---|

Death Penalty Law Clerk
United States Courthouse, Room 801
312 North Spring Street
Los Angeles, CA 90012

This proof of service is executed at Los Angeles, California, on June 18, 2013.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*/S/ Stephanie Verhamme*
STEPHANIE VERHAMME